## BRYANT v. BEYER CO., Inc.

### No. 1329. .

Court of Civil Appeals of Texas. Waco.
Feb. 23, 1933.

Rehearing Denied March 30, 1933.

J. E. Greer, of San Antonio, for appellant.

Barnett & Klein, of San Antonio, for appellee.

ALEXANDER, Justice.

This action was brought by Beyer Company, Inc., a corporation, against C. K. Bryant to recover the balance of the purchase price of a radio set. The defense was payment. The verdict of the jury was for the plaintiff, and judgment entered accordingly. The defendant appealed.

■■ The issue of payment arose in this manner. In September, 1929, a corporation by the name of A. F. Beyer Company, Inc., sold the radio set to Bryant, and took his written contract for the purchase price, payable in installments. This contract was assigned to a financing corporation. Thereafter A. F. Beyer Company, Inc., was adjudged a bankrupt. In 1930 Beyer Company, Inc., appellee herein, was incorporated. It purchased the Bryant contract from the financing corporation. At the time A. F. Beyer Company, Inc., was adjudged a bankrupt, Bryant was in the employment of the Texas Outdoor Advertising Company, which company was a creditor of the bankrupt corporation, A. F. Beyer Company, Inc. Bryant, evidently thinking that the bankrupt corporation still held his contract and that he could offset his personal indebtedness to the bankrupt against the amount due his employer by said bankrupt, sent the trustee in bankruptcy a check for the balance due on his contract, less the amount due his employer by

the bankrupt, and marked same in full settlement of his account. The trustee, without the knowledge or consent of the holder of the Bryant contract, cashed the check. The appellant contends that the cashing of said check with said indorsement estopped the appellee herein to demand the balance due on his contract. It is apparent that the appellant could not offset the indebtedness due by the bankrupt to his employer against his personal indebtedness to the bankrupt. It is also apparent that, since the claim against Bryant did not belong to the bankrupt corporation, the trustee in bankruptcy could not, by his conduct, release any part of appellant's indebtedness to appellee. It appears that his account has been credited with the full amount which he paid to the trustee in bankruptcy, and the judgment rendered herein is only for the balance due on said contract. There is no error in the judgment of the trial court.

The judgment of the trial court is affirmed.