ZOE WISDOM V. R. FRANK SMITH.

No. A-1512. Decided March 10, 1948.
(209 S. W., 2d Series, 164.)

*Riley Strickland,* of Amarillo, for petitioner.

422

*Reeder & Reeder,* of Amarillo, for respondent.

MR. JUSTICE HART delivered the opinion of the Court.

The respondent, R. Frank Smith, brought this suit against six of his children, including the petitioner, Mrs. Zoe Wisdom, seeking a partition of Lots 33 and 34, Block 323, in the Mirror Addition to the City of Amarillo. Mrs. Wisdom filed a cross action in which she claimed the entire title to the lots. The remaining children having conveyed their interests to Mrs. Wisdom, or having disclaimed or defaulted, the controversy is limited to the claims of Mr. Smith and Mrs. Wisdom as against each other.

The lots in controversy were acquired by Mr. Smith by a deed dated September 26, 1925, and were thereafter occupied by Mr. Smith and his wife as their homestead. Early in 1928, Mr. Smith established a business at Pantex, in Hutchinson County, Texas, and he and Mrs. Smith resided there for several months. Mrs. Wisdom, who was then married and living in Wichita Falls, visited her mother and father when they were living in Pantex. On June 13, 1928, when apparently Mr. and Mrs. Smith had returned to Amarillo and were living on the lots in controversy, Mr. Smith executed and delivered a deed to the Amarillo lots to one of his daughters, Mrs. F. R. Staples, who resided in California. This deed, which was signed by Mr. Smith without the joinder of his wife, was prepared by Mr. Smith, recited that his residence was in Hutchinson County, Texas, and further contained the following statement:

"This is not my homestead and therefore does not require the signature of my wife to make the title perfect."

The deed to Mrs. Staples was filed for record in the deed records of Potter County, Texas, by Mr. Smith, and was duly recorded on June 18, 1928.

At the time the deed was executed by Mr. Smith to Mrs. Staples they agreed in correspondence between them that the deed would be regarded by them as a mortgage to secure a loan of $160.00 made by Mrs. Staples to Mr. Smith, and that upon the repayment of this sum the property would be reconveyed to Mr. Smith. However, the deed recited that the grantee, Mrs. Staples, assumed the payment of outstanding notes secured by a vendor's lien upon the lots. After the deed was executed and delivered to Mrs. Staples, Mr. Smith made no further payments on these debts, and all payments thereon were made by Mrs. Staples or other children of Mr. Smith.

After he executed the deed to Mrs. Staples, Mr. Smith and his wife continued to reside on the Amarillo lots. On December 13, 1939, Mrs. Staples and her husband conveyed the lots to Mrs. Wisdom. At that time Mrs. Wisdom was living in the house with her father and mother. The consideration recited in the deed was $10.00 cash, but the true consideration was the agreement by Mrs. Wisdom to pay the debts outstanding against the lots, to enlarge and improve the house on the lots at her own expense, and to take care of Mrs. Smith, who was then in bad health, for the remainder of her life. This arrangement was made between Mrs. Staples and Mrs. Wisdom at the request of their mother, Mrs. Smith.

After the deed was executed by Mrs. Staples to Mrs. Wisdom, Mrs. Wisdom proceeded to carry out her agreement. She compromised and paid vendor's lien notes and secured releases therefor; she borrowed money and improved and enlarged the house on the permises, and fully paid for all of these improvements; she took care of her mother until her mother's death on July 25, 1940; and she paid all taxes and paving charges against the property after it was conveyed to her. Mr. Smith was permitted by Mrs. Wisdom to remain on the property after she acquired it, but he paid no rent nor any of the expense of maintaining the property.

Mr. Smith's contention is that his deed to Mrs. Staples was void, being in reality an attempted mortgage of his homestead,

and that Mrs. Wisdom acquired no title by reason of her deed from Mrs. Staples. Mrs. Wisdom, on the other hand, contends that she is a bona fide purchaser for a valuable consideration without notice of any infirmity in the deed from Mr. Smith to Mrs. Staples, and that she therefore acquired valid title. The district court, in a trial before the court without a jury, rendered judgment in favor of Mrs. Wisdom upon findings and conclusions to the effect that Mrs. Wisdom was a bona fide purchaser for a valuable consideration without knowledge of the secret agreement between Mr. Smith and Mrs. Staples, and that Mr. Smith was estopped to deny that he had conveyed good title to the property. The Court of Civil Appeals reversed this judgment and remanded the cause for a new trial. Smith v. Smith, 205 S. W. (2d) 676. In so doing, the Court of Civil Appeals apparently assumed that it had jurisdiction to pass upon the sufficiency of the evidence to sustain the trial court's judgment, and also to make original findings of fact where such findings were not expressly made by the district court. Specifically, the Court of Civil Appeals, after referring to the fact that no finding was made by the district court upon the question of constructive notice, held that the evidence showed facts which were sufficient to put Mrs. Wisdom upon inquiry as to the nature of the transaction between Mr. Smith and Mrs. Staples.

■ However, the record shows that Mr. Smith, as the appellant in the Court of Civil Appeals, made only one assignment of error, to the effect that the evidence "conclusively estalished" that Mrs. Wisdom was charged with notice of the fact that the deed from Mr. Smith to Mrs. Staples was intended to be a mortgage and therefore Mrs. Wisdom was not a bona fide purchaser. The only relief prayed for in the appellant's brief in the Court of Civil Appeals was that the case be reversed and rendered. The only question before the Court of Civil Appeals, therefore, was the question of law whether there was any evidence upon which the judgment of the district court could be based. No assignment of error having been made by the appellant in the Court of Civil Appeals on the ground of the insufficiency of the evidence to sustain the judgment of the trial court, the Court of Civil Appeals had no jurisdiction to pass upon that question. DeWitt v. Brooks, 143 Texas 122, 182 S. W. (2d) 687; Liberty Film Lines, Inc. v. Porter, 136 Texas 49, 146 S. W. (2d) 982; Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. (2d) 416; Hall Music Co. v. Robertson, 117 Texas 261, 1 S. W. (2d) 857.

■ Contrary to the contention made by the respondent before this Court, the Court of Civil Appeals has no authority to make its own findings of fact and bind this Court thereby where, as in this case, the only question properly raised is whether there is any evidence to support the judgment of the trial court. Hebert v. McFaddin, 129 Texas 499, 104 S. W. (2d) 475. The Court of Civil Appeals has no jurisdiction to determine originally questions of fact in cases brought there on appeal. The provisions of Article V, Section 6, of the Texas Constitution, and Article 1820 of the Revised Civil Statutes, that the judgments of the Courts of Civil Appeals shall be conclusive on the facts of the case, have application only where the jurisdiction of the Courts of Civil Appeals to pass upon the sufficiency of the evidence is invoked by appropriate assignments of error. Choate v. San Antonio & Aransas Pass Ry. Co., 91 Texas 406, 44 S. W. 69; Houston & Texas Central Ry. Co. v. Strycharski, 92 Texas 1, 37 S. W. 415; Wilson v. Dickson, (Com. App.) 35 S. W. (2d) 701.

■ The only question over which we have jurisdiction is the same question which was before the Court of Civil Appeals: whether as a matter of law there was any evidence to sustain the judgment of the district court. In determining this question, we must presume that the evidence supports not only the express findings made by the district court, but also any omitted findings which are necessary to support the judgment. Rule 299, Texas Rules of Civil Procedure; Bednarz v. State, 142 Texas 138, 176 S. W. (2d) 562; Waters v. Yockey, 193 S. W. (2d) 375, certified questions answered, 144 Texas 592, 192 S. W. (2d) 769.

The district court expressly found that Mrs. Wisdom "had no knowledge" of any agreement between Mr. Smith and Mrs. Staples that the deed should be regarded as a mortgage to secure a loan made by Mrs. Staples to Mr. Smith, and that Mrs. Wisdom, at the time she borrowed the money to make improvements on the property, after she had received the deed from Mrs. Staples, relied on the recitals in the chain of title, including the recital in the deed from Mr. Smith to Mrs. Staples, and that she also relied upon the opinion of the attorney examining the title for the lender that the title was good.

The Court of Civil Appeals held that the evidence showed facts which charged Mrs. Wisdom with constructive notice that Mrs. Staples was not vested with title to the property, upon the following grounds: (1) that Mrs. Staples told Mrs. Wis-

dom that the property did not belong to her, Mrs. Staples, before Mrs. Wisdom bought it; (2) that Mr. Smith continued to occupy the premises for over ten years after he conveyed the premises to Mrs. Staples and before she conveyed the premises to Mrs. Wisdom; and (3) that Mr. Smith protested to Mrs. Wisdom about making improvements on the premises and told her that he did not want any mortgage placed on his home, before Mrs. Wisdom actually spent any money or incurred any binding obligation.

As to the first and third grounds for the judgment of the Court of Civil Appeals, we conclude that the Court of Civil Appeals erred because there was evidence before the trial court to sustain its judgment on these issues. While Mrs. Staples testified that she told Mrs. Wisdom that she, Mrs. Staples, did not own the property, she further testified that this statement was made in a letter written either to Mrs. Wisdom or her moher, and Mrs. Wisdom denied seeing any letter containing any such statement. Mrs. Wisdom further testified that at the time she bought the property she did not know of any agreement between Mr. Smith and Mrs. Staples, except that shown in the deed, and that she thought she was getting clear title to the property. On this issue, the testimony of Mrs. Wisdom constituted some evidence upon which the district court's judgment could properly be based.

■ The testimony of Mr. Smith that he protested to Mrs. Wisdom against putting a loan on his home for the purpose of making improvements is not so clear and unequivocal as to compel the trial court to hold as a matter of law that Mrs. Wisdom was charged with the duty of inquiring as to whether there was not some secret agreement between Mr. Smith and Mrs. Staples. The time and place when this protest took place are not fixed and it is not clear whether the protest occurred before Mrs. Wisdom had borrowed the money from an outsider to make the improvements and repairs upon the premises. Mrs. Wisdom did not testify specifically about this conversation, but she did testify that when she borrowed the money and made the contract for the improvements, she relied upon the opinion of the lender's attorney that the title was good. The district court could reasonably have concluded that Mr. Smith's protest, if he made it to Mrs. Wisdom, was made after Mrs. Widsom had obligated herself by borrowing the money to make the improvements, or that the protest was understood by Mrs. Wisdom simply as an expression of Mr. Smith's apprehension that Mrs. Wisdom might not be able to meet the payments on

the loan, with the result that Mrs. Wisdom might no longer be able to furnish a home to her father and mother. We do not think that it is important that part of the money borrowed by Mrs. Wisdom was used to pay off liens that apparently were barred by limitations; Mrs. Wisdom incurred a binding obligation by borrowing the money and contracting to make and pay for the improvements. We cannot say that as a matter of law the evidence compelled the conclusion that Mrs. Wisdom had constructive notice that Mr. Smith and Mrs. Staples had a secret agreement which invalidated the conveyance from Mr. Smith to Mrs. Staples.

■ As to the second ground for the judgment of the Court of Civil Appeals, we conclude that the continuing occupancy of the premises by Mr. and Mrs. Smith after the deed to Mrs. Staples was executed by Mr. Smith did not necessarily, as a matter of law, constitute constructive notice that the deed to Mrs. Staples was a sham. The deed contained the express recital, written into it by Mr. Smith himself, that the property was not his homestead and that his residence was in Hutchinson County, where in fact he and his wife had lived for several months. Furthermore, the deed recited a consideration of the assumption by the grantee of the outstanding debts against the property, and thereafter payments on these debts were in fact made by Mrs. Staples and other children, and not by Mr. Smith. It was not unnatural for Mrs. Staples to permit her father and mother to continue to live on property which Mrs. Staples owned, and therefore there was nothing in the continued occupancy of the premises by Mr. and Mrs. Smith to negative the inference that they occupied the premises by the sufferance of Mrs. Staples. We think that it cannot be said as a matter of law that Mrs. Wisdom was placed under the duty of inquiring of Mrs. Staples or Mr. Smith whether in fact the recitals contained in the deed which passed between them, and which was promptly recorded, were true or false. Eylar v. Eylar, 60 Texas 315; Love v. Breedlove, 75 Texas 649, 13 S. W. 222; Guaranty Bond State Bank v. Kelley, (Com. App.) 13 S. W. (2d) 69.

We conclude, therefore that there is evidence in the record supporting the judgment of the trial court. Since this is the only question which was properly raised in the Court of Civil Appeals, we must reverse the judgment of the Court of Civil Appeals and affirm the judgment of the district court. DeWitt v. Brooks, 143 Texas 122, 182 S. W. (2d) 687; Liberty Film Lines, Inc. v. Porter, 136 Texas 49, 146 S. W. (2d) 892; Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. (2d) 416.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion delivered March 10, 1948.

No motion for rehearing was filed.