SAN ANTONIO FENCE COMPANY,
Inc., Appellant,

v.

Tommy HEATH, Appellee.

No. 12896.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 1, 1956.

Rehearing Denied Feb. 29, 1956.

Biery & Biery, San Antonio, for appellant.

Levey & Goldstein, San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from a judgment rendered non obstante veredicto that appellant, as plaintiff below, take nothing against appellee. The jury found that appellee, Heath, on or about August 15, 1953, made an agreement with appellant to pay for the installation of a chain link fence. Heath, a building contractor, was constructing a house for Captain A. L. Cox and wife at 250 Latch Drive, San Antonio, Texas. It is undisputed that he ordered a fence from appellant; that the fence was installed and a charge of $176.50 made therefor. The question in the case relates to the capacity in which Heath was acting when he ordered the fence. The evidence suggests that he might have been acting for himself, for Captain Cox and wife, or as agent for appellant. The jury found that he was acting for himself, but the trial judge was of the opinion that the undisputed evidence showed that he was either acting as agent of Cox or the fence Company, and that accordingly Captain Cox and not Heath was liable for the charge made for the fence.

It seems that the circumstance primarily relied upon by the court below was the fact that the fence was billed to Cox and that a check for ten per cent of the amount charged therefor, i. e., $17.65, was mailed to Heath. This would indicate and indeed support a finding that Heath was acting as agent of the fence company in selling the fence to Cox. However, this evidence does not stand unexplained, nor is the inference that Heath was an agent uncontradicted.

Appellant's sales manager, E. E. Sturdivant, testified that in August of 1953 he received a telephone call from Heath requesting a price for fencing at 250 Latch Drive; that he went to the address and found Heath there; he was instructed by Heath to measure the yard, find out what the Coxes wanted and let him know how much the bill would be. He later called Heath; told him what the cost would be and was told to go ahead and install the fence. From this conversation, the clear inference was that Heath was acting for himself in ordering the fence. Mrs. Cox testified that she and her husband had not ordered the fence and that when they received a bill therefor Heath told her to disregard it as he would take care of the fence. This evidence contradicts the theory that Heath had ordered the fence as the agent of either Cox or the appellant and supports the proposition that the erection of the fence was a part of Heath's obligation which he had assumed as a contractor for the residence being constructed upon the premises mentioned. Sturdivant also testified that he laid the order upon a superior's desk for processing and that the office had mistakenly billed Cox and named Heath as agent; that Heath as a building contractor would have been entitled to a ten per cent discount upon the amount charged, which would be the same as an agent's commission.

 We need not further detail the testimony. Upon the controlling issue involved there was a definite conflict of evidence. There was evidence that Heath ordered the fence for and on behalf of Cox. There is likewise evidence that Heath was acting for himself. A jury issue was presented and the trial court erred in rendering judgment non obstante veredicto. Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164; Shumake v. Great Atlantic. & Pacific Tea Co., Tex.Civ. App., 255 S.W.2d 949; City of Austin v. Salazar, Tex.Civ.App., 241 S.W.2d 445; Greenspun v. Greenspun, Tex.Civ.App., 211 S.W.2d 977.

It becomes our duty to render such judgment as the trial court should have rendered, namely, judgment on the verdict. Rule 434, Texas Rules of Civil Procedure. Accordingly, the judgment appealed from is reversed and judgment here rendered that San Antonio Fence Company, Inc., do have and recover of and from Tommy Heath judgment in the sum of $176.50, together with interest thereon at the rate of six per cent per annum from March 3, 1955 (the date of the judgment of the court below) until paid, attorney's fees of $100, in accordance with the stipulation of the parties as to the reasonableness of the amount thereof, and all costs of suit.