Edsel J. BURKHART et al., Appellants,

v.

Allie Poulter CHRISTIAN, Appellee.

No. 3577.

Court of Civil Appeals of Texas.

Waco.

July 31, 1958.

Rehearing Denied Sept. 10, 1958.

———◆———

Coulter Hoppess, Bryan, for appellants.

R. V. Armstrong, Bryan, for appellee.

TIREY, Justice.

This is an appeal from a judgment denying appellants an injunction to restrain appellee from engaging in the practice of medicine in her home, which is located in Cavitt's Woodland Heights Addition to the City of Bryan, Texas.

Appellants grounded their action on the allegation that the practice of medicine by appellee was a violation of the restrictions on the property purchased by appellee and her late husband. The cause was tried without the aid of a jury and in the judgment we find the following recitals:

"1. That the Plaintiffs are the owners of property in Cavitt's Woodland Heights Addition No. 2 in the City of Bryan, in Brazos County, Texas, and maintained their residences upon the property so owned by them.

"2. The Defendant is the owner of Lot No. 11, in Block No. 6 in Cavitt's Woodland Heights Addition No. 2 in the City of Bryan, in Brazos County, Texas, and maintains her residence thereon.

"3. That on or about October 11, 1940, the then owners of the property now constituting said addition established a general plan or scheme of building within its limits by placing thereon restrictions as to its use, which restrictions were duly recorded in the Deed Records of Brazos County, Texas, in Volume 104, page 539, and which restrictions included the following language:

" 'Sec. II, All lots in the tract shall be known and described as residential lots and no structure shall be erected, altered, placed or permitted to remain on any residential building lot other than one detached single family dwelling not to exceed two stories in height and a one, two or three car garage.'

" 'Sec. IV, No noxious or offensive trade shall be carried on upon *lot* or shall anything be done thereon which may become an annoyance or nuisance to the neighborhood.'

" 'Sec. XIII, These covenants are to run with the land and shall be binding on all parties and all persons claiming to them until January 1, 1965, at which time said covenants shall be automatically extended for successive periods of ten years unless by a vote of the majority of the then owners of the lots, it is agreed to change the covenants in whole or in part.'

"4. The defendant acquired her property after the establishment of said restrictions and had both actual and constructive notice thereof.

"5. The plaintiffs are lawfully entitled to the benefits of said restrictions and to maintain an action to enjoin a breach thereof.

"6. The defendant, in the use of her property, is bound by said restrictions.

"7. Since the date of the establishment of said restrictions they have been, and they still are, in full force and effect.

"8. The right of property owners in said addition to enforce said restrictions have not been waived by permitting them to be broken, but, rather, the owners of property within said addition have exercised diligence in preventing their breach.

"9. The defendant is a widow, 65 years of age. She is a duly licensed Osteopath. She is semi-retired and limits her practice (except for emergency cases) to treatments, given by appointment only, on three afternoons a week. She does not now nor does she intend in the future to treat diseased people, but rather gives treatments consisting only of manipulation, massage and heat therapy. She does not now, nor does she intend in the future, to maintain any professional listing in the yellow sheets of the telephone directory nor any sign upon her said premises except a name plate of the type ordinarily used to designate the name of an occupant of residential property. The defendant occupies her said property as her residence and such treatments as she gives are given in one of the bedrooms in her house. There are two single beds in such room and the only equipment therein specially for use by her in the practice of her profession are one treatment table and one heat lamp. She does not have a waiting room for her patients but when patients are required to wait for treatment they are seated in the den of the house. She usually treats from one to three or four patients per day on three afternoons a week. The defendant does not maintain an office elsewhere for the practice of her profession. Her patients park their cars in her driveway and on the street in front of her house. The parking of the cars of her patients does not interfere with the traffic nor constitute a traffic hazard.

"10. The present activities of the defendant do not constitute a violation or breach of the restrictions in question (as set forth in the above quoted Section II of said restrictions).

"11. The evidence does not show any threatened violation or breach by the defendant of said restrictions set forth in said Section II.

"12. The present activities of the defendant do not constitute or threaten to become an 'annoyance or nuisance to the neighborhood.' "

and decreed that appellants take nothing, and they have appealed from said judgment.

The decree is assailed on what appellants designate as four points. They are substantially to the effect that the court erred (1 and 2) in holding that the practice of Osteopathy and the incidental coming and going of persons and the parking of cars connected therewith did not constitute a nuisance to the neighborhood and thereby violate the duly imposed restrictions upon the property, and in not granting injunctive relief because the evidence shows a violation of paragraph 4 of the recorded restrictions; (3 and 4) in holding that the establishment of the sole office and place of business of the appellee was the practice of Osteopathy in a dwelling house did not constitute a violation of the restrictions, and in failing to grant the injunctive relief, because the evidence shows a violation of paragraph 2 of the recorded restrictions.

■ Since this cause was tried without the aid of a jury, we are bound by the following rule: " 'The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and a

court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's finding.' See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, 237 S.W.2d 286; see also cases collated under 4 Tex.Dig., Appeal & Error . See Wilson. v. Teague Ind. School Dist., Tex.Civ.App., 251 S.W.2d 263, 268 (writ ref.). See also In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

 In Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, 166, our Supreme Court, in discussing the question as to whether, as a matter of law, there was any evidence to sustain the judgment of the district court, announced this rule: "In determining this question, we must presume that the evidence supports not only the express findings made by the district court, but also any omitted findings which are necessary to support the judgment." Citing Rule 299, Texas Rules of Civil Procedure, and a long list of authorities.

In Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W.2d 705, 707 (n.r.e.) writ certiorari denied by U.S.Sup.Ct., 342 U.S. 944, 72 S.Ct. 556, 96 L.Ed. 702, this court held "that (a) absent a jury the court becomes the trier of facts as well as the law, and his findings are equivalent to a jury verdict on special issues; and (b) that a reviewing court will not disturb the fact findings of the trial court, if there is some evidence of probative force to support the same, viewing the evidence in the light most favorable to * * * him. See John Hancock Mutual Life Ins. Co. v. Stanley,. Tex.Civ.App., 215 S.W.2d 416 (no writ history), points 1 and 2 and authorities there collated; see also Rule 296, Texas Rules of Civil Procedure, and authorities there collated."

Perhaps we should say that this court had the restrictions relating to Cavitt's Woodland Heights Addition before it in Benbow v. Boney, Tex.Civ.App., 240 S.W. 2d 438, writ ref. This court there held in effect that such restrictions were reasonable and binding. See also Finley v. Carr, Tex.Civ.App., 273 S.W.2d 439, writ ref.

 We have carefully considered the restrictions and the statement of facts, and we are of the view' that the evidence tendered is ample to support the findings made in the trial court's decree. Being of the foregoing view, the sole question here to consider is: Did the court correctly apply the applicable law?

 In Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465, 470 (Com.App., opinion adopted) we find the following general rules which we think are applicable and controlling here. They are: (1) "Restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubt should be resolved in favor of the free and unrestrictive use of the premises." (2) "Being in derogation of the fee conveyed by the deed, if there be any ambiguity in the terms of the restrictions, or substantial doubt of its meaning, the ambiguity and doubt should be resolved in favor of the free use of the land." (3) "In this country real estate is an article of commerce. The uses to which it should be devoted are constantly changing as the business of the country increases, and as its new wants are developed. Hence, it is contrary to the well-recognized business policy of the country to tie up real estate where the fee is conveyed with restrictions and prohibitions as to its use; and, hence, in the construction of deeds containing restrictions and prohibitions as to the use of the property by a grantee, all doubts should, as a general rule, be resolved in favor of a free use of property and against restrictions." Our Supreme Court has not seen. fit to change or modify the foregoing rules.

 Does the court's decree violate the provision of Restriction No. 2? We quote this restriction: "All lots in the tract shall

**672**

be known and described as residential lots and no structure shall be erected, altered, placed or permitted to remain on any residential building plot other than one detached single family dwelling not to exceed two stories in height and a one, two, or three car garage." Going back to the findings made by the court in its decree, we see no violation of this provision and do not think our discussion should be labored.

■ The sole remaining question is: Does the limited practice of medicine by the appellee in her residence violate Restriction No. 4? We quote No. 4: "No noxious or offensive trade shall be carried on upon lot, or shall anything be done thereon which may become an annoyance or nuisance to the neighborhood." Under the application of the foregoing rules, we cannot say that Restriction No. 4 precludes the practice of medicine on a limited scale by a physician who makes the residence his place of abode. We believe that the testimony tendered and the court's findings in the judgment bring this cause clearly within the pronouncement of the rules made by the Supreme Court, and within the pronouncement of our Galveston Court in Briggs v. Hendricks, Tex.Civ.App., 197 S.W.2d 511 (no writ history). In Settegast v. Foley Bros., 114 Tex. 452, 270 S.W. 1014, 1016 (Com.App., opinion adopted) we find this statement of the rule of construction which we think is applicable here: "Covenants or restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubts should be resolved in favor of the free and unrestricted use of the premises." See also statement of the rule by this court in Couch v. Southampton Civic Club, Tex. Civ.App., 313 S.W.2d 360, point 4 on page 363, and authorities there collated.

Believing that the appellants have failed to carry their burden, the judgment of the trial court is affirmed.

HALE, J., took no part in the consideration and disposition of this case.