**GO INTERNATIONAL, INC., Appellant,**

v.

**BIG–TEX CRUDE OIL COMPANY,**
**Appellee.**

No. 4841.

Court of Civil Appeals of Texas, Eastland.

Dec. 5, 1975.

---

Rutledge & Rutledge, Abilene, for appellant.

Bradbury & Tippen, Abilene, for appellee.

WALTER, Justice.

This is a garnishment proceeding.

On the 18th day of November, 1974, Go International, Inc. secured a judgment against G. S. & B. Oil and Gas Company for $4,225.00 plus attorneys' fees which was a final judgment at the time this garnishment proceeding was instituted.

International filed an application for a writ of garnishment against Big-Tex Crude Oil Company, as garnishee, alleging that Big-Tex was indebted to or had effects belonging to G. S. & B. Big-Tex was served with citation on February 13, 1975.

Big-Tex answered that it was not indebted to G. S. & B. and had no effects belonging to it at the time the writ was served. This answer was controverted by International. In a non-jury trial, the court rendered judgment that Big-Tex was not indebted to G. S. & B. International has appealed.

The Court made the following findings of facts:

## "FINDING OF FACT

### I.

That effective as of December 1st, 1974, G. S. & B. Oil and Gas Co. executed and delivered to Big-Tex Crude Oil Company nine division orders pertaining to oil and gas production in Brown County, Texas.

### II.

That effective December 1st, 1974, Big-Tex Crude Oil Company began buying production from certain oil and gas leases in Brown County, Texas, operated by G. S. & B. Oil & Gas Co. and described in said division orders.

### III.

That said division orders provided that Big-Tex Crude Oil Company was to pay G. S. & B. Oil & Gas Co. 100 per cent less taxes.

### IV.

That said division orders were prepared to permit payment to G. S. & B. Oil & Gas Co. that in turn would distribute payment to the rightful owners.

### V.

That said division orders were prepared as an accommodation to facilitate payment until current title information concerning the land covered by the leases described in the said division orders could be obtained.

### VI.

That prior to the date that Go International, Inc. served its writ of garnishment

on Big-Tex Crude Oil Company, Big-Tex Crude Oil Company had determined that G. S. & B. Oil & Gas Co. owned no interest in any of the production under the leases described in the subject division orders.

### VII.

That as of the date that Go International, Inc. served its writ of garnishment on Big-Tex Crude Oil Company, G. S. & B. Oil & Gas Co. owned no interest in any of the production under any of the leases described in the said division orders. That as of the date that Big-Tex Crude Oil Company filed its answer to the writ of garnishment served on it by Go International, Inc., G. S. & B. Oil & Gas Co. owned no interest in any of the production under any of the leases described in the said division orders.

### VIII.

That as of the hearing date of this garnishment proceeding, G. S. & B. Oil & Gas Co. owned no interest in any of the production under any of the leases described in the said division orders.

### IX.

That reasonable attorneys' fees in connection with this action would be $750.00."

In *Wisdom v. Smith,* 146 Tex. 420, 209 S.W.2d 164 (1948), at page 166, the court said:

"The only question over which we have jurisdiction is the same question which was before the Court of Civil Appeals: whether as a matter of law there was any evidence to sustain the judgment of the district court. In determining this question, we must presume that the evidence supports not only the express findings made by the district court, but also any omitted findings which are necessary to support the judgment."

In *Ives v. Watson,* 521 S.W.2d 930 (Tex. Civ.App.—Beaumont 1975, writ ref. n. r. e.), at page 934, the court said:

" . . . We must presume that the evidence supports not only the express findings made by the district court but also any omitted findings which are necessary to support the judgment. *Wisdom v. Smith,* 146 Tex. 420, 209 S.W.2d 164, 166 (1948); *Allied Building Credits, Inc. v. Grogan Bldrs. Sup. Co.,* 365 S.W.2d 692, 695 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.); *Burkhart v. Christian,* 315 S.W.2d 668, 671 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.)."

The appellant recognizes its burden in this court of establishing conclusively or as a matter of law that the evidence shows Big-Tex was indebted to G. S. & B.

In *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.1974), at page 265, the court said:

"When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. *Butler v. Hanson,* 455 S.W.2d 942 (Tex.1970); *Langlotz v. Citizens Fidelity Insurance Company,* 505 S.W.2d 249 (Tex.1974). It would be our duty to affirm the judgment of the Court of Civil Appeals if the evidence offered to show negligence were proven to be no more than a scintilla of proof. Thus if the evidence created nothing more than a mere surmise or suspicion of the existence of negligence, such evidence would be, in legal effect, no evidence. *Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059 (1898). But if negligence may be reasonably inferred from direct evidence, then there is more than a scintilla of evidence. Calvert, 'No Evidence' and 'Insufficient Evidence' Points of Error, 38 Texas Law Review 361, 363 (1960)."

In *Silsbee State Bank v. French Market Grocery Co.,* 103 Tex. 629, 132 S.W. 465, (1910), at page 466, the court said:

" . . . We do not think, therefore, that it is true, as broadly as it is laid

down by some writers, that a garnishing creditor of the depositor is substituted in his stead and can reach the deposit merely because the bank was bound to treat him as owner. The depositor controls the fund whether he is the true owner or not. *The garnishing creditor can reach it only in case he is the true owner.*" (Emphasis added)

■ The admissible documentary evidence and the admissible testimony of Mrs. Hortense Ray, office manager for Big-Tex, constitute some evidence of probative force that Big-Tex was not indebted to G. S. & B. at the time the writ was served, or at the time Big-Tex filed its answer or at the time of trial.

■ International contends the court erred in awarding attorneys' fees to the garnishee and taxing it and the cost against International.

Rule 677, T.R.C.P., (formerly Article 4100) is as follows:

"Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest."

In *May v. Donalson,* 141 S.W.2d 702 (Tex. Civ.App.—San Antonio 1940, no writ), at page 706, the court said:

"Article 4100, R.S.1925, provides for the taxing of costs in a garnishment proceeding and it must be followed. Where the garnishee is discharged upon his answer, the statute provides that the costs of the proceeding, including a reasonable compensation for the garnishee, shall be taxed against the plaintiff. This reasonable compensation to the garnishee includes a reasonable attorneys' fee in-

curred by it in the case. In order to determine what is meant by the 'garnishee is discharged upon his answer,' we must look to Article 4086, R.S. 1925."

We have examined all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.