**Virginia PAGE et al., Appellants,**

v.

**CENTRAL BANK & TRUST COMPANY, Appellee.**

No. 4988.

Court of Civil Appeals of Texas, Eastland.

March 10, 1977.

Rehearing Denied April 7, 1977.

Maxine T. McConnell and John Dennis, Director of Legal Clinic, Dallas, for appellants.

W. A. Pritchard, Anderson, Henley, Shields, Bradford, Pritchard & Miller, Dallas, for appellee.

WALTER, Justice.

Central Bank and Trust Co. recovered a judgment for $1,707.97 plus attorney's fees against Virginia Page on a promissory note in a nonjury trial. Mrs. Page has appealed.

Mrs. Page pleaded the defense of usury. The court found in his conclusions of law the defendant's answer was not verified as required by Rule 93(*1*), T.R.C.P., hence the Bank's "objection to evidence of usurious interest as a defense, was properly sustained."

We sustain appellant's first point the court erred in failing to find conclusively the Bank contracted for and charged in excess of the statutory maximum of 8% add-on interest.

Article 5069–4.01, V.A.C.S., Section (1), provides on an installment loan the bank is authorized to make an add-on interest charge of eight dollars per one hundred dollars per annum for the full term of the loan. Section (2) provides the interest shall be computed on the cash advance at the time the loan is made. The note shows the cash advance is $1,852.10. Eight percent (8%) of the cash advance is $148.17, which is the proper interest charge. Section (2) provides:

". . . Interest authorized by Section (1) of this Article shall be added to the cash advance and said sum shall be the amount of the loan."

The cash advance of $1,852.10 plus the proper interest charge of $148.17 is $2,000.27. The note is for the principal amount of $2,128.97. The interest charge shown on the note is $249.44.

Appellant contends the court erred in finding if the Bank did charge in excess of the statutory maximum of 8% add-on interest, such charge was the result of an accidental and bona fide error. We are compelled to hold the pleadings and the evidence support the court's findings.

Article 5069–8.01, V.A.C.S., provides the penalty for contracting for charging or receiving interest of a greater amount than authorized by law. It also provides "provided that there shall be no penalty for a violation which results from an accidental and bona fide error."

In his findings of fact, the court found the Bank undertook to charge 8% add-on interest on the note and if an error was made in the calculation of interest, it was an accident and resulted from a bona fide error.

Findings of fact have the same force and dignity as a jury verdict upon special issues. If these findings are supported by some evidence of probative force, they will

not be disturbed on appeal. 4 McDonald, Texas Civil Practice § 16.05 (Rev.Ed.1971).

In *Ives v. Watson,* 521 S.W.2d 930 (Tex.Civ.App.—Beaumont 1975, writ ref. n. r. e.), the court said:

". . . We must presume that the evidence supports not only the express findings made by the district court but also any *omitted findings* which are necessary to support the judgment. *Wisdom v. Smith,* 146 Tex. 420, 209 S.W.2d 164, 166 (1948); *Allied Building Credits, Inc. v. Grogan Bldrs. Sup. Co.,* 365 S.W.2d 692, 695 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.); *Burkhart v. Christian,* 315 S.W.2d 668, 671 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.)."

We find some evidence in the record to support the findings.

We have considered appellant's other points and find no merit in them.

The judgment is affirmed.