**Warren H. SMITH et ux., Appellants,**

v.

**NRC, INCORPORATED, Appellee.**

**No. 12727.**

Court of Civil Appeals of Texas, Austin.

Dec. 20, 1978.

Rehearing Denied Dec. 20, 1978.

Malcolm Robinson, Hooper, Robinson & Moeller, Austin, for appellants.

Barry Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

## ON SECOND MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court filed on November 15, 1978, is withdrawn, and the following opinion replaces it.

Appellants Warren H. Smith and Helen W. Smith, husband and wife, sued appellee NRC, Incorporated, in the district court of Travis County seeking rescission of an executed contract for deed to a lot. The district court entered a take-nothing judgment.

Appellants were residents of Dallas, and wished to build a retirement house near Austin. Appellee interested appellants in its subdivision located on Lake Travis. In May, 1973, the parties signed a contract for deed to purchase lot # 23052 in appellee's subdivision for $25,700. Appellants obtained a deed to the lot in August, 1973.

Lot # 23052 fronts on Lake Travis and is subject to an easement previously granted to the Lower Colorado River Authority enabling the Authority to inundate the property up to the 715-foot contour line. Lot # 23052 is entirely below the 715-foot contour line, and if the Authority chose to exercise its rights under the overflow easement the lot would be completely under water.

At all times material appellee knew that the lot was below the 715-foot contour line and subject to the overflow easement. No agent of appellee told appellants of the easement. Neither the contract for deed nor appellee's advertising brochures referred to the overflow easement. At the time the contract for deed was executed, appellants were furnished a document entitled, "Declaration of Reservations Highland Lake Estates . . ." On page eight at paragraph nineteen of that instrument there appeared the following statement:

"*LCRA Overflow Easement*:

The Lower Colorado River Authority holds an easement to innundate [*sic*] and overflow *any portion of the subdivision* lying below the contour line 715 feet above sea level. Any such areas shall be subject to such easement, and all structures and improvements therein shall be constructed so as to accommodate any such innundation [*sic*] or overflow in a fashion approved by the Architectural Committee." (Emphasis added)

The overflow easement was shown specifically in the policy of title insurance which appellants received several weeks after the contract for deed was executed. Smith testified that he did not learn of the easement until about two years after he signed the contract for deed. Smith could not determine the contour line of his lot short of a survey.

Appellants pleaded fraud as basis for rescission. In support of their fraud allegation, appellants alleged affirmative misrepresentations of fact. Nevertheless, upon trial, without objection, appellants were permitted to prove facts tending to show appellee's failure to disclose a material fact affecting the value of the lot. As a result, the issue of concealment or failure to disclose was tried by consent. Texas R.Civ.P. 67.

The district court found, among other things, that appellee did not "conceal or fail to disclose" the overflow easement for the reason that: (1) the easement was disclosed in the above quoted "Declaration of Reservations" furnished appellants at the time of purchase and (2) the easement was specifically disclosed in the policy of title insurance furnished appellants with the deed to the lot. The court found further that a person of ordinary intelligence, in the exercise of reasonable diligence, would have been placed on notice by the disclosure of the easement in the "Declaration of Reservations" that the flood easement might affect the lot in question.

The court concluded that appellants ". . . failed to prove the elements of actionable fraud to invoke the remedy of rescission . . ."

By entry of the mentioned findings of fact, the district court necessarily followed the rule that the vendor is under a duty to disclose material facts which would not be discoverable by the exercise of ordinary care and diligence or which a reasonable investigation and inquiry would not uncover. *Weintraub v. Krobatsch*, 64 N.J. 445, 317 A.2d 68 (1974); *Obde v. Schlemeyer*, 56 Wash.2d 449, 353 P.2d 672 (1960); *Sorrell v. Young*, 6 Wash.App. 220, 491 P.2d 1312 (1971); Keeton, *Rights of Disappointed Purchasers*, 32 Texas L.Rev. 1 (1953). The parties do not complain of the rule of law by which the court determined the clause.[1]

Appellants' important points of error are:

(1) "The trial judge erred in concluding that NRC did not conceal and failed to disclose the fact that the lot was totally encompassed by an overflow easement in favor of the Lower Colorado River Authority"; and

(2) "The trial judge erred in concluding that a person of ordinary intelligence would be placed on notice that the overflow easement might affect the lot in question by the disclosure in the statement of reservations."

■ Appellants' points of error, standing alone, do not indicate whether appellants are complaining that there was "no evidence" or that there was "insufficient evidence" to support the court's findings. Further analysis is required. The controlling consideration in ascertaining the character of a point of error directed at the state of the evidence is not whether the point uses the preferable, or even the proper, terminology, but instead is whether the point is based upon and related to a particular procedural step in the trial and appellate process and is a proper predicate for the relief sought in the appellate court. Cal-

1. The briefs make no mention of Tex.Bus. & Comm.Code Ann. § 27.01 (1968). The case was tried without reference to § 27.01. Ac-

cordingly, we do not regard any issues raised by that statute to be before this Court.

vert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 362 (1960).

In this case, the trial was to the court and appellants' points are not based upon and related to any particular step in the trial. With respect to the relief sought, appellants' only specific prayer in the brief is that this Court reverse the judgment and *render* judgment rescinding the contract. "No evidence" points are points which call for reversal of a trial court's judgment and *rendition* of judgment for appellant. "Insufficient evidence" points of error are those which call for a reversal of the trial court's judgment and *remand* of the cause for retrial. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error, supra.*

Appellants' points of error are "no evidence" points, *Wisdom v. Smith*, 146 Tex. 420, 209 S.W.2d 164 (1948), which necessarily assert that all of the evidence showed that (1) appellee concealed or failed to disclose the overflow easement and (2) a person of ordinary intelligence, in the exercise of ordinary care, would not have been placed on notice by the disclosure in the Declaration of Reservations that the flood easement might affect the lot. Because appellants filed no points of error complaining of insufficient evidence, we have no jurisdiction to pass upon that question. *Wisdom v. Smith, supra.*

Appellants recognize, of course, the existence in evidence of the title policy setting out the overflow easement and the disclosure contained in the Declaration of Reservations. Nevertheless, appellants argue that this Court should give that evidence no effect in law. If both pieces of evidence were given no effect, then indeed all of the evidence would be that appellee failed to disclose the overflow easement.

Appellee did not discharge its duty to disclose by sending appellants the title insurance policy that specifically set out the overflow easement. The purpose of the duty to disclose is to reveal material facts to the prospective purchaser before the contract is entered into. Appellants received the title policy weeks after the consummation of the contract for deed. The after-the-fact receipt of the title policy did not serve the purposes of disclosure.

We have decided upon motion for rehearing that the disclosure contained in the Declaration of Reservations, furnished by appellee to appellants, is *some* evidence that appellee did not fail to disclose the overflow easement. It is true that the reference to the overflow easement is found at paragraph nineteen on page eight of the Declaration of Reservations. It is also true that paragraph nineteen is general in nature and does not list lot # 23052 as one that is below the 715-foot contour line.

Appellee asserts that the format of the Declaration of Reservations is dictated by the Office of Interstate Land Sales Registration, Department of Housing and Urban Development. Appellants have shown this Court nothing to the contrary. Appellee admits that its Declaration is not a model of clarity, but insists that the composition of the document is due solely to governmental regulation. It is of some interest in this connection that one of the purposes of the Interstate Land Sales Full Disclosure Act, 15 U.S.C.A. § 1701 *et seq.* (1974), which requires, among other things, the approval by federal authority of a subdivider's Declaration of Reservations, is to give ". . . the purchaser the information necessary *to make his own determination* of the quality of what is being sold." (Emphasis added) Senate Committee on Banking and Currency, Housing and Urban Development Act of 1968, Senate Report No. 1123, 90th Cong., 2d Sess. 110 (1968). Although the provisions of the Act may be instructive with respect to the format of the Declaration, the Act, of course, is not dispositive.

As we understand the rule of law under which the case was tried, appellee did not have the absolute legal duty to disclose the specific lots which were subject to the overflow easement. Instead, the appellee's duty was only to disclose material facts which would not be discoverable by the exercise of ordinary care and diligence or

which a reasonable investigation and inquiry would not uncover. In considering a no evidence point, the reviewing court must reject all evidence contrary to the court's findings and consider only the facts and circumstances which tend to support those findings. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696 (1914). Viewing the evidence most favorably to the trial court's findings, we must conclude that the furnishing to appellants of the Declaration of Reservations containing the reference to the overflow easement is *some* evidence in support of the finding that appellee did not conceal or fail to disclose the easement.

We do not embrace appellants' argument that this Court should not regard the disclosure of the overflow easement contained in the Declaration of Reservations as evidence because of the disclosure's general nature and its location in the Declaration. Although appellants' argument has appeal under the facts of this case, it is not the law. Since the disclosure is *some* evidence in support of the court's finding, point of error one is overruled.

■ With respect to point of error two, appellants possessed sufficient sophistication to know that they were entering into a significant financial transaction, a contract to purchase a lot for a large sum of money. Prior to their signing the contract, appellee furnished appellants with the Declaration of Reservations that supplied information about the subdivision and contained the reference to the overflow easement. The Declaration of Reservations was attached to and incorporated into a document entitled "Statement of Reservations, Restrictions, Taxes and Assessments." Appellants signed the Statement of Reservations. Since appellants signed the Statement of Reservations, they should have read the Statement of Reservations and the attached and incorporated Declaration. No contention was made that appellee, by fraud or ruse, inhibited appellants from reading those documents. As a result, appellants' failure to read the Declaration does not insulate them from being charged with knowledge of what they could have learned by reading the instrument. See *Indemnity Ins. Co. v. W. L. Macatee & Sons*, 129 Tex. 166, 101 S.W.2d 553 (1937); *Gulf Oil Corp. v. Spence & Howe Construction Co.*, 356 S.W.2d 382 (Tex.Civ.App.1962), affirmed, 365 S.W.2d 631 (Tex.1963). If appellants had read the Declaration, they would have known that some portions of the subdivision were subject to an overflow easement. The district court could have reasonably concluded that appellants, possessed of such information, should have made further inquiry as to whether the lot in question was subject to the overflow easement. Further investigation concerning the overflow easement was particularly pertinent since appellants' intended lot was located on a gradual slope at the water's edge, a site more probably subject to an overflow easement than other lots. Very little investigation at that time probably would have revealed to Smith that the lot was subject to the easement. The evidence was that when Smith did in fact learn of the existence of the easement, it did not take him long to discover that the easement affected his lot. Point of error two is overruled.

The judgment is affirmed.