**BILL MUNDAY PONTIAC,
INC., Appellant,**

v.

**Edna M. SATTERWHITE, Appellee.**

No. 8312.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 6, 1979.

Rick Rogers, Corpus Christi, for appellant.

Thomas E. Tiemann, Kirk Kuykendall, Austin, for appellee.

DIES, Chief Justice.

Appellee, Edna M. Satterwhite, as plaintiff below, sued Bill Munday Pontiac, Inc., appellant and defendant below, for alleged violations of the Texas Consumer Credit Code, *Tex.Rev.Civ.Stat.Ann. art. 5069–7.03(3)* and *art. 5069–7.06(3)* (Vernon 1971). Trial was to the court without a jury, resulting in a judgment for appellee for $1,967.21 plus attorney's fees of $1,200, costs of $25.50, and further attorney's fees predicated on appeal. It is from this judgment defendant below appeals.

■ Appellant's first contentions are that the undisputed evidence showed that appellant corrected its error in accordance with *Tex.Rev.Civ.Stat.Ann. art. 5069–8.01(c)(2)* (Vernon Supp.1978).

The suit resulted from appellee's purchase of a 1973 Pontiac under a Retail Installment Contract—Motor Vehicle and Security Agreement from appellant.

It is undisputed this contract disclosed excessive interest charges and failed to inform appellee that insurance charges higher than that regulated by the State Board of Insurance were being required.

*Tex.Rev.Civ.Stat.Ann. art. 5069–8.01(c)(1)* (Vernon Supp.1978) provides:

"A person has no liability to an obligor for a violation of this subtitle or of Chapter 14 of this Title if within 60 days after having actually discovered such violation such person corrects such violation as to such obligor by performing the required duty or act or by refunding any amount in excess of that authorized by law; provided, however, that such person gives written notice to such obligor of such violation prior to such obligor having given written notice of or having filed an action alleging such violation of this subtitle or Chapter 14 of this Title."

No written notice was given by appellant prior to appellee's filing suit as required by this provision.

It is quite true that an employee of appellant testified he discovered that appellee had been charged too much interest and offered to redo the contract. However, this employee was an interested witness, and, therefore, his testimony was not binding on the court. *R. T. Herrin Petroleum Transport Co. v. Procter*, 161 Tex. 222, 338 S.W.2d 422 (1960). See McCormick & Ray, *Tex. Law of Evidence*, § 3 (1956); 62 Tex. Jur.2d, *Witnesses*, § 265, et seq. (1965); 24 Tex.Jur.2d, *Evidence*, § 705, et seq. (1961). Furthermore, there is no evidence in the record that appellant offered to correct the item of insurance charges. These points are overruled.

■ Appellant next urges the court was incorrect in rendering judgment for appellee based upon a violation of *Tex.Rev.Civ. Stat.Ann. art. 5069–7.03(3)* (Vernon 1971), for the reason that the undisputed evidence shows that appellant's error was a bona fide

error, citing *Hight v. Jim Bass Ford, Inc.*, 552 S.W.2d 490 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.); *Page v. Central Bank & Trust Co.*, 548 S.W.2d 802 (Tex.Civ.App.—Eastland 1977, no writ); *Moore v. Sabine National Bank of Port Arthur*, 527 S.W.2d 209 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.).

Again, it was the trial court's prerogative to believe or not believe the evidence appellant produced. *Herrin*, supra. No explanation was given for the insurance charge. These points are overruled.

■ Appellant's next points contend the evidence conclusively shows the parties rescinded the contract or reached an accord and satisfaction.

Both the doctrine of rescission and accord and satisfaction require mutual assent, either expressly or tacitly. See *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454 (Tex. 1969); *Texas Gas Utilities Co. v. Barrett*, 460 S.W.2d 409, 414 (Tex.1970).

It is true appellant contended appellee wanted her money back, and a check for $450 was sent appellee in November, which she did not return until January. However, appellee maintained she did not wish the contract cancelled, and once again the trial court had the prerogative to decide which contention he would accept.

There is yet another reason to reject these contentions by appellant. Before appellant sent the $450 check to appellee, it had assigned the contract in question to "M.A.C." Thereafter, appellant could not bind its assignee to any rescission or changes in the contract. 6 Tex.Jur.2d, *Assignments*, § 41 at 432 (1959); See *Bryant v. Beyer Co.*, 58 S.W.2d 138 (Tex.Civ.App.—Waco 1933, no writ). These points are overruled.

■ Finally, appellant asks for a reversal because of the failure of the trial court to file Findings of Fact and Conclusions of Law. Judgment in this case was entered on August 9, 1978, and a request for Findings of Fact and Conclusions of Law was not filed until August 31, 1978. This was too late to satisfy *Tex.R.Civ.P. 296*. It

should also be noted that no prejudicial error has been shown by the failure to file such findings. See *Lachmann v. Houston Chronicle Pub. Co.*, 375 S.W.2d 783 (Tex.Civ. App.—Austin 1964, writ ref'd n. r. e.); *Nathan Alterman Elec. Co. v. City of San Antonio*, 362 S.W.2d 911 (Tex.Civ.App.—San Antonio 1962, writ dism'd). Further we find this failure to be harmless. *Tex.R. Civ.P. 434*; *Deweese v. Crawford*, 520 S.W.2d 522 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.).

Appellant urges, however, that the request for Findings of Fact and Conclusions of Law was not timely made because he was not notified of final judgment pursuant to *Tex.R.Civ.P. 306d* which requires:

"Immediately upon the signing of any final judgment . . . the clerk of the court shall mail a postcard notice thereof to each party to the suit . . . Failure to comply with the provisions of this rule shall not affect the finality of the judgment . . . ."

In our transcript we have an affidavit of appellant's attorney stating:

"The undersigned, as attorney for Bill Munday Pontiac, Inc., was not notified by the Clerk of the Court, nor by plaintiff's attorney of the entry of the judgment and it was not until August 29, 1978, that the attorney for the defendant had any knowledge of entry of the judgment."

We do not question the truth of the appellant's attorney, but we have no evidence in this record that the clerk failed to comply with this rule.

All of appellant's points are overruled, and the judgment of the trial court is affirmed.