**CRIMINAL STATE DEPOSITORY OF CRIMINAL RECORDS, Appellant,**

v.

**Ernesto DAVILA, Appellee.**

No. 04–83–00020–CV.

Court of Appeals of Texas,
San Antonio.

May 31, 1984.

Rehearing Denied July 17, 1984.

J. David Hooper, Austin, for appellant.

Emilio Davila, Jr., Laredo, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from an order granting expunction of criminal records. *See* TEX. CODE CRIM.PROC.ANN. arts. 55.01–.05 (Vernon Supp.1984). We affirm.

Appellee filed a petition for expunction in the district court wherein the criminal charges sought to be expunged originated. Appellant filed its Motion to Dismiss Petition for Expunction. Though being duly notified appellant failed to appear for the scheduled hearing on the merits. The court found in favor of appellee and granted expunction. It is from this judgment that appellant prosecutes this appeal.

Appellant presents us with the following two points of error: (1) the trial court erred in granting appellee's petition for expunction because he has not met his burden of proof in showing the indictment presented against him was dismissed for reasons prescribed by TEX.CODE CRIM.PROC.ANN. art. 55.01, § (1) (Vernon Supp.1984); and (2) the trial court erred in granting appellee's petition for expunction because he cannot satisfy TEX.CODE CRIM.PROC. ANN. art. 55.01, § (2) (Vernon Supp.1984), which states that expunction cannot be granted where there was a conviction and/or court ordered supervision pursuant to the 1965 Code of Criminal Procedure.

No statement of facts accompanies the record before us. The trial court, however, upon appellant's request, made and filed the following findings of fact and conclusions of law:

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

In response to the request of the Appellant, Texas Department of Public Safety, in this cause, I make and file the following as my findings of fact and conclusions of law:

## I.

On September 15, 1982, Ernesto Davila, Petitioner-Appellee, filed a Petition to Expunge Criminal record in the papers of this cause;

## II.

October 19, 1982, was fixed by the Court as a hearing date for said petition, and all interested persons, including the Appellant, were given timely notice of same;

## III.

On October 5, 1982, Appellant filed its motion to Dismiss Petition For Expunction;

## IV.

On October 19, 1982, the Court called the above styled and numbered cause, and Appellant, though previously notified failed to appear;

## V.

No motion for continuance was ever filed by Appellant, and the Court made inquiry on the record from the District Attorney's Office as to whether they had been contacted by Appellant. The Court was advised that Appellant had not bothered to contact anyone;

## VI.

The Court examined the pleadings and proceeded to hear the Motion, and found that Petitioner has been and is a life long resident of Webb County, Texas;

## VII.

The Court further found that Petitioner is not on probation, and that no final conviction of guilt was ever entered against the Petitioner;

## VIII.

The Court having presided at the original proceedings which Petitioner now moves to expunge finds that no court ordered supervision was imposed under Art. 42.13 of the Code of Criminal Procedure.

CONCLUSIONS OF LAW

1. The Court finds that it has jurisdiction over the subject matter and the parties in this cause;

2. Petitioner is entitle [sic] to have his criminal record expunged concerning these charges under Chapter 55 of the Code of Criminal Procedure;

3. Appellant defaulted by failing to appear for a hearing wherein they were timely notified as required by law.

We conclude that the essence of both of appellant's points of error is that there is no evidence or insufficient evidence to establish that the requirements of article 55.-01, sections (1) and (2), have been met.

■ Although the findings made and filed by the trial court do not include therein a finding of all three elements of TEX. CODE CRIM.PROC.ANN. art. 55.01, §§ (1) and (3) (Vernon Supp.1984), in the absence of a statement of facts, requests for supplemental findings, and exceptions to the court's findings, facts not included in the court's findings will be presumed to exist in support of the judgment. *See Wisdom v. Smith*, 146 Tex. 420, 425, 209 S.W.2d 164, 166–67 (1948); *Timon v. Dolan*, 244 S.W.2d 985, 986–87 (Tex.Civ.App.—San Antonio 1951, no writ); TEX.R.CIV.P. 299.

■ We hold that appellant is powerless to make a usable complaint as to the sufficiency of the evidence to support the judgment in the absence of a statement of facts, *Ives v. Watson*, 521 S.W.2d 930, 932 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.), for it is presumed upon appeal that sufficient evidence was introduced to support the findings and judgment of the trial court. *Mays v. Pierce*, 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955); *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 571, 243 S.W.2d 683, 685 (1951); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 16.10 (rev. 1971).

Viewed in this light, we hold that the trial court made all necessary findings to support the appellee's claim to an expungement of his records under article 55.01. Accordingly, we overrule appellant's points of error.

The judgment of the trial court is affirmed.

DIAL, Justice, dissenting.

I respectfully dissent.

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1984) provides that a person who has been arrested for a felony is entitled to have the records relating to the arrest expunged if *each* of three conditions exist.

1. He must not have had an indictment presented against him for the offense for which he was arrested; or if an indictment was presented, it must have been dismissed, and *"the court finds that it was dismissed because the presentment has been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void...."*

2. The charge must not have resulted in a final conviction, and there must not have been court ordered supervision.

3. The applicant must not have been convicted of a felony for five years before the arrest in question.

Here the trial court's findings completely satisfy the second and third conditions. The court did not make the necessary finding as to the reason for dismissal of the indictment required by the first condition.

The record includes the appellee's own application for termination of probation. It makes reference to the fact that appellee was indicted for robbery and placed on probation for five years. It asks that since appellee has been on probation for "one and half years [sic]" and wants to enroll in junior college, the probation should be terminated, and the charges dismissed. This was granted by the trial court. This is the only evidence in the record as to the reason why the indictment was dismissed. The presumed finding is contradicted by the only evidence. TEX.R.CIV.P. 299 (Vernon 1977).

The statute giving the right to expunction was designed to clear the record of one who should not have even been arrested. It does not have the purpose of erasing the historical fact that the appellee's guilt of the offense of robbery was substantiated and he successfully completed a probated sentence. *Texas Department of Public Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1981, no writ).

I would reverse and render judgment that the petition for expunction be dismissed.