George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

Relator was charged with misdemeanor theft in three separate complaints. The charge in the first cause was for the theft of perfume of the value of $17.50. The second complaint charged the theft of two ladies' belts of the value of $7.96; and the third complaint charged the theft of a child's coat and cap of the value of $24.98.

Bond in each of the cases was set at one time in the sum of $5,000.00 Upon the hearing of this writ of habeas corpus, which involves all three of these complaints, bond was reduced to the sum of $2,500.00 in each case.

This is but a misdemeanor theft, although it seems that the relator has possibly been in the habit of shoplifting. Therefore, we think that the bond in such amount for misdemeanor theft is excessive and that same should be reduced to $300.00 in each case.

The judgment of the trial court is reversed and the relator granted bail in the sum of $300.00 in each of the three cases in question.

**TIMON v. DOLAN.**

No. 12288.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 21, 1951.

See also 244 S.W.2d 987.

Jerry D'Unger, Patrick J. Horkin, Jr., Corpus Christi, for appellant.

Phillips, Horton, Smith, & Schlieman, Corpus Christi, for appellee.

POPE, Justice.

This is an appeal from an order of the District Court permanently enjoining Mrs. Laura Timon Dolan, the appellee, from certain conduct. No statement of facts has been brought forward, but the court has made and filed findings of fact and conclusions of law.

Mrs. Bessie Timon, the wife of Walter F. Timon, commenced suit against Mrs. Laura Timon Dolan, a widow. She is the sister of Walter F. Timon. Mrs. Timon asked that the sister be enjoined from coming about the hospital or home, or other place where Mr. Timon was confined during his sickness, and also that she be enjoined from talking to, addressing, attacking, molesting, or in any way interfering with the rightful activities of the wife. After trial and hearing, the court in accord with appellant's prayer, enjoined the sister from "in any manner talking to, addressing, attacking, molesting or in any way interfering with the rightful activities of the plaintiff, Mrs. Bessie Timon, and in particular with respect to the right of this plaintiff to visit her husband, Walter F. Timon, at all times in Spohn Hospital, * * *." The court modified the other relief sought, by also permitting the sister to visit with Walter Timon for one hour each day between four and five in the afternoon.

An analysis of the appellant's prayer and the relief granted causes wonderment as to why she appealed from the court's order. What was sought was substantially granted. Appellee, who is under the restraint, has not complained of the injunction. The minor modification of the relief sought, wherein the sister was granted the limited designated time for visitation, is not challenged by any one. But in the development of the proceedings leading up to the hearing and the injunction, an incidental procedural skirmish has almost obscured the object of the suit and even the victory appellant won but has appealed from.

Mrs. Timon originally instituted suit without joining her husband. By amendment before trial she also sued as next friend of her husband, Walter F. Timon, who she alleged was a person of unsound mind. Appellee, Mrs. Dolan, urged a plea in abatement as to the injunctive relief sought by Walter F. Timon joined by Mrs. Timon as co-plaintiff. In that connection Mrs. Dolan alleged that a separate action had been commenced in the county court by Mrs. Timon against Mr. Timon, and that he had been found by a jury to be a person of sound mind. That action, it is alleged, was appealed by Mrs. Timon and was then pending in another district court of the same county. That part of the suit wherein Mrs. Timon sued as next friend for Walter F. Timon was abated and dismissed by reason of the pendency of the former action which Mrs. Timon commenced against her husband.

The trial court's findings of fact state that at the time the abatement was sustained, insofar as Walter F. Timon was concerned, another cause was then pending and set for trial in another court of the same county, and that the issue in that action was the determination of the soundness of Walter F. Timon's mind. The court concluded, among other things, that it was within the court's discretion to abate the instant suit in order to avoid unnecessary litigation. In the former action Mrs. Timon asserts the unsoundness of Mr. Timon's mind and he has contested her action. In this action Mrs. Timon has joined Mr. Timon as her co-plaintiff, and has alleged the unsoundness of his mind as the reason for her appearing as his next friend to obtain injunctive relief against a third party.

This cause is before us without a statement of facts, and the trial court has made findings of fact and conclusions of law which are not excepted to, nor were additional findings requested. Appellant strongly urges that the findings do not demonstrate such showing of identity of parties named, causes asserted, and relief sought, such as will support the order sustaining the plea in abatement. But in the absence of a statement of facts, requests for supplemental findings, and exceptions to the

court's findings, facts not included in the court's findings will be presumed to exist in support of the judgment. Rule 299, Texas Rules of Civil Procedure, supplies any omitted findings necessary to support the judgment. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164.

Moreover, the validity of an order sustaining a plea in abatement is not always dependent upon the features of identity between causes, and we do not decide this appeal upon that ground. Other conditions may exist justifying an abatement even though there is a lack of identity. A court, in exercise of its sound discretion, may abate an action for reasons of comity, convenience and orderly procedure, and in the exercise of that discretion may look to "the practical results to be obtained, dictated by a consideration of the inherent interrelation of the subject matter of the two suits." North Texas Coach Co. v. Morten, Tex.Civ.App., 92 S.W.2d 263, 266. This suit is essentially one to obtain injunctive relief, not to determine Mr. Timon's mental capacity. The restraints upon Mrs. Laura Timon Dolan's visits with her brother were granted by the trial court in accord with appellant's prayer. For the identical relief to run in the name of an additional plaintiff would result in no additional protection to either Mr. or Mrs. Timon, nor impose any greater duty on the part of Mrs. Dolan to obey the commands of the trial court than already exist. The injunctive relief for a wife's protection of personal rights against the third person has for all practical purposes been awarded which Mrs. Timon could seek without the joinder of her husband. Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187; Norris v. Stoneham, Tex.Civ.App., 46 S.W.2d 363; Evans v. Ball, Tex.Civ.App., 6 S.W.2d 180; Smith v. Womack, Tex.Civ.App., 271 S.W. 209.

Since Mrs. Timon has obtained the injunctive relief she sought, we think the court, in abating the action as to Walter F. Timon, has promoted a more orderly and practical disposition of these causes and has properly left the determination of Mr. Timon's capacity to the direct decision in the case and in the method originally selected by Mrs. Timon for its trial and determination.

The judgment is affirmed.