

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00286-CV

---

FRANCIS WING-SING CHAN                                    APPELLANT

V.

J. SHELBY SHARPE AND THE                                    APPELLEES
LAW OFFICES OF J. SHELBY
SHARPE, A PROFESSIONAL
CORPORATION, AND KAREN
CHANG AND HENRY CHANG

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 048-243228-10

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In thirty issues, Appellant Francis Wing-Sing Chan appeals various trial

court orders, including orders granting summary judgment, in favor of Appellees

---

[1]*See* Tex. R. App. P. 47.4.

J. Shelby Sharpe; The Law Offices of J. Shelby Sharpe, a Professional Corporation; Karen Chang; and Henry Chang. We will affirm.

## II. BACKGROUND

Wan Fu Foods, Inc. (WFFI) was formed in 1990 for the purpose of owning and operating a restaurant in Fort Worth. Chan, the Changs, and several other individuals were WFFI's initial shareholders. Chan was also an employee of, and claims to have had an employment contract with, WFFI.

In September 2004, Chan had a "falling out with WFFI [and its] other shareholders" and was told "not to return to the restaurant."[2] Sometime soon thereafter, Chan and his then-wife met with Sharpe at his law office.[3] Chan thought that the restaurant owed him money, and he wanted Sharpe to represent him in an effort to collect it. Sharpe told Chan that he would not represent him but that he would draft a demand letter for him. Chan's ex-wife also recalled that

---

[2]Karen Chang, on the other hand, claimed that she had "repeatedly requested Chan to return to the restaurant after he left on his own volition[,] and he repeatedly refused to return."

[3]Chan claims that Sharpe had been a patron of the restaurant for a number of years.

3

Sharpe had refused to represent Chan.[4]  Chan, however, claims that Sharpe agreed to represent him at "no charge."[5]

Chan subsequently filed three pro se lawsuits in small-claims court against Henry Chang, seeking damages related to his dispute with WFFI.  Sharpe filed an answer on behalf of Henry Chang and later notified Chan by letter that he should nonsuit the claims because they lacked merit.[6]  Chan dismissed the three suits and met with the Changs in Sharpe's conference room in an attempt to resolve their differences, but they were unsuccessful.[7]  WFFI went out of business in 2009.

Chan sued Appellees and WFFI in 2010.  According to Chan, his employment with WFFI was wrongfully terminated and when Sharpe filed an answer on behalf of Henry Chang in the three lawsuits in small-claims court, Sharpe "switched sides" and "stepped in to defend Henry in those suits" without obtaining Chan's "verbal or written consent to do so."  Chan alleged claims for

---

[4]According to Chan's ex-wife, after the meeting with Sharpe, Chan asked her to help him find an attorney to represent him in the dispute with WFFI, and Chan began meeting with other attorneys.

[5]Chan points out that his ex-wife "was not there during the 'entire' meeting" and that she "has been under the care of a board certified psychiatrist for many years."

[6]Sharpe also informed Chan, "There is a way to resolve your frustration, but it is not in a court proceeding.  I am pleased to sit down with you, Henry[,] and Karen to discuss these frustrations, if you are willing."

[7]Sharpe did not participate in the meeting.

breach of fiduciary duty and conspiracy, among other things; he later added a claim for violation of the Texas Uniform Fraudulent Transfer Act (TUFTA); and he sought damages for (i) unpaid dividends, (ii) lost wages, (iii) lost benefits, and (iv) the value of his initial capital contribution to WFFI.  The trial court ultimately severed and abated the TUFTA claims; granted summary judgment in favor of Sharpe, Sharpe's law offices, and the Changs; and granted Sharpe's and his law offices' motion to disqualify Chan's counsel.  The summary judgment orders became final when the trial court severed Chan's claims against WFFI from the remainder of the suit.[8]

### III.  SUMMARY JUDGMENT ISSUES—SHARPE AND LAW OFFICES

### A.    Breach of Fiduciary Duty

In issue II-B, Chan argues that the trial court erred by granting summary judgment in favor of Sharpe and Sharpe's law offices on Chan's claim for breach of fiduciary duty.[9]  The elements of a claim for breach of fiduciary duty are (1) a fiduciary relationship existed between the plaintiff and the defendant, (2) the defendant breached its fiduciary duty, and (3) the breach resulted in injury to the plaintiff or benefit to the defendant.  *Heritage Gulf Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 650 (Tex. App.—Houston [14th Dist.] 2013,

---

[8]A different trial court had previously granted a default judgment against WFFI.

[9]Chan posits that an attorney-client relationship arose out of his meeting with Sharpe.

no pet.). Sharpe and his law offices challenged the third element on no-evidence grounds—that Chan suffered no injury and that Sharpe and the law offices received no benefit because of any alleged breach of fiduciary duty by Sharpe and his law offices.[10]

Chan argues that Sharpe's "switching of sides" injured him because "it thwarted the timely prosecution, settlement, resolution, and/or payment of his shareholder rights claims." Chan non-suited his lawsuits in small-claims court in January 2007, and he and the Changs failed to resolve their differences at the meeting at Sharpe's law offices in March 2007. There is no evidence that Sharpe's alleged "switching of sides" prevented Chan from thereafter timely pursuing any of his claims.

Chan argues that Sharpe's alleged misconduct injured him because "it undermined his on-going rights as a WFFI shareholder." More specifically, observing that WFFI went out of business in October 2009 and that he is "no longer able to collect money for my claims against WFFI from WFFI," Chan contends that if Sharpe had "acted fairly, honestly, impartially, and mediated

---

[10]After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

[Chan's] claims in good faith, [Chan] would have settled those claims for a reasonable sum of money within a few months after January 12, 2007, if not long before then." Not only is this sheer speculation, but Chan's claimed inability to execute a money judgment against WFFI has nothing to do with Sharpe's alleged "switching of sides" years earlier. Based on this record, Chan had the ability to enforce his rights as a WFFI shareholder after Sharpe's alleged misconduct.

Chan additionally argues that Sharpe's conduct "caused [Chan] to incur thousands of dollars in attorney's fees to rectify the consequences of Sharpe's misconduct." Again, notwithstanding that this is pure speculation, attorneys' fees ordinarily cannot be recovered as damages, and no exception applies under these circumstances. *See G.R.A.V.I.T.Y. Enters. v. Reece Supply Co.*, 177 S.W.3d 537, 546–47 (Tex. App.—Dallas 2005, no pet.).

Regarding a benefit to Sharpe and his law offices, Chan argues that "Sharpe benefitted from this conduct because he gained association with a more prominent, for-profit corporate client and its controlling officers." There is no evidence of any such benefit. Chan's own summary-judgment evidence indicates that Sharpe had an ongoing friendship with the Changs because he had been a patron of their restaurant for years. Consistent with that relationship, the evidence is undisputed that neither the Changs nor WFFI ever paid Sharpe for any legal services rendered. The same can be said for Sharpe's purported agreement to represent Chan at "no charge." The trial court did not err by

granting Sharpe and his law offices summary judgment on Chan's claim for breach of fiduciary duty. We overrule Chan's issue II-B.

## B. Civil Conspiracy

In issue II-C, Chan argues that the trial court erred by granting summary judgment in favor of Sharpe and his law offices on Chan's claim for civil conspiracy. In addition to challenging each civil-conspiracy element on no-evidence grounds, Sharpe and his law offices argued that summary judgment was proper because civil conspiracy is a derivative tort, and there is no underlying tort to support the claim. We agree. The trial court properly granted summary judgment on Chan's breach-of-fiduciary-duty claim. There being no other underlying tort to support the civil-conspiracy claim, the trial court properly granted summary judgment thereon. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997). We overrule Chan's issue II-C.

## C. Judicial Notice and Objections

In issue II-E, Chan argues that the trial court erred "by failing to take judicial notice of pertinent adjudicative facts and by overruling [his] proper objections to Sharpe's summary judgment motions and evidence."

In his response, Chan asked the trial court to take judicial notice of "the dates when certain documents referenced herein were filed," "the dates when jury trial was previously set in this matter," "the dates when certain procedural deadlines elapsed in this matter," and "any other adjudicative facts that are referenced herein and which are capable of accurate and ready determination by

8

resort to sources whose accuracy cannot be reasonably questioned." Chan asserts no argument explaining—and we fail to see—how the trial court's failure to take judicial notice of those matters can be reversible error under these circumstances. *See* Tex. R. App. P. 44.1(a).

Chan argues that "[t]he court erred in overruling his objections because Sharpe's motions make or are based on multiple erroneous, false, and/or unsubstantiated assertions, conclusions or implications." Chan directs us to over twenty pages of objections contained in his summary-judgment response but supports his argument with no analysis or citation to any authority. Therefore, this argument is waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).

Chan argues that "the court erred by considering evidence that contradicts any admissions favorably supporting appellant's claims or defenses." Chan does not identify any "admissions" or include any analysis explaining why the trial court should have relied on them. Therefore, this argument is inadequately briefed and waived. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284.

Chan argues that the trial court improperly overruled his objections to the Changs' affidavits because the Changs are not competent to so testify. To constitute competent summary-judgment evidence, affidavits must be made on personal knowledge, set forth facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to matters stated therein.

9

Tex. R. Civ. P. 166a(f). We have reviewed the affidavits. The trial court could have reasonably concluded that they satisfy all three rule 166a(f) requisites; therefore, the trial court did not abuse its discretion by denying Chan's objection.

Chan argues that the trial court improperly overruled his objections to the Changs' affidavits because the affidavits cannot "readily be controverted." In the context of rule of civil procedure 166a(c), "could have been readily controverted" means the testimony at issue is of a nature that can be effectively controverted by opposing evidence. *Fort Worth Star-Telegram v. Street*, 61 S.W.3d 704, 710 (Tex. App.—Fort Worth 2001, pet. denied). The trial court did not abuse its discretion by denying Chan's objection on this ground because the testimony contained in both affidavits is readily controvertible.[11]

Finally, Chan argues that the trial court "erred in finding that the WFFI admissions relied upon by [him] do not constitute admissions of fact because they [allegedly] are conclusions, opinion, or statements of subjective intent."[12] The trial court did not abuse its discretion because it reasonably could have concluded that it was improper to impute the "admissions" of one party (a defaulting corporate defendant) upon another (nondefaulting individual

[11]For example, Karen testified that she "was the individual who repeatedly requested Chan to return to the restaurant after he left on his own volition and he repeatedly refused to return." Chan controverted this testimony by arguing that he was wrongfully terminated and told not to return to the restaurant.

[12]At some point, one of the three trial courts that handled this case granted a motion that Chan filed after WFFI had defaulted to deem certain allegations against WFFI true.

10

defendants). *See H.E. Butt Grocery Co. v. Sheppard*, 137 S.W.2d 823, 824 (Tex. Civ. App.—Austin 1940, writ ref'd) ("The general characteristics of a corporation as a distinct entity separate and apart from its stockholders, regardless of how and by whom its stock is held, are well settled and uniformly recognized."). We overrule Chan's issue II-E.

### D. Unpleaded Claims or Defenses

In issue II-A, Chan argues that the trial court erred by granting summary judgment in favor of Sharpe and his law offices "on any unpleaded claims or defenses because [Chan] objected to the trying of the same through summary judgment." The trial court did not grant summary judgment on any unpleaded claims or defenses. Chan alleged claims for breach of fiduciary duty and civil conspiracy, Sharpe and the law offices moved for summary judgment on those claims, and the trial court properly granted summary judgment on those claims. We overrule Chan's issue II-A.

### E. Requested Relief

In issue II-F, Chan argues that the trial court erred by granting Sharpe and his law offices more relief than was requested in the summary-judgment motion because the motion did not "address or properly address" Chan's claims for breach of fiduciary duty and civil conspiracy. As explained above, Sharpe and his law offices properly moved for summary judgment on both claims. We overrule Chan's issue II-F.

11

**F. Limitations**

In issue II-D, Chan argues that the trial court erred by granting summary judgment in favor of Sharpe and his law offices on the ground of limitations. The trial court properly granted summary judgment on grounds other than limitations, as explained. Therefore, we overrule Chan's issue II-D.

## IV. SUMMARY JUDGMENT ISSUES—THE CHANGS

**A. Breach of Fiduciary Duty**

In issues IX-D, IX-E, IX-F, IX-G, IX-H, and IX-I, Chan argues that the trial court erred by granting summary judgment in favor of the Changs on his claim for breach of fiduciary duty. As the Changs point out, Chan seeks to hold them personally liable for certain corporate, contractual damages—unpaid dividends, lost wages, lost benefits, and the value of Chan's initial capital contribution to WFFI—that are plainly attributable to WFFI via a shareholder agreement or the employment agreement that Chan claims he had with WFFI. It is well established that a shareholder is generally not liable for the obligations of a corporation. *See* Tex. Bus. Orgs. Code Ann. § 21.223(a) (West 2012). To pierce the corporate veil, and thus disregard the corporate form, a plaintiff must show that the shareholder used the corporation to "perpetrate an actual fraud . . . primarily for the direct personal benefit" of the shareholder. *Id.* § 21.223(b); *see Willis v. Donnelly*, 199 S.W.3d 262, 271–73 (Tex. 2006). Chan produced no summary-judgment evidence demonstrating that the Changs perpetrated an actual fraud for their personal benefit. His breach-of-fiduciary-duty claim is

12

therefore an impermissible attempt to pierce the corporate veil, and the trial court properly granted summary judgment in favor of the Changs on that claim.[13] We overrule Chan's issues IX-D, IX-E, IX-F, IX-G, IX-H, and IX-I.

## B.    Unpleaded Claims or Defenses

In issue IX-A, Chan argues that the trial court erred by granting summary judgment in favor of the Changs "on any unpleaded claims or defenses because [Chan] objected to the trying of the same through summary judgment." The trial court did not grant summary judgment on any unpleaded claims or defenses. We overrule Chan's issue IX-A.

## C.    Judicial Notice and Objections

In issue IX-B, Chan argues that the trial court erred "by failing to take judicial notice of pertinent adjudicative facts and by overruling [his] proper objections to the Changs' summary judgment motion."

The matters that Chan asked the trial court to take judicial notice of are the same matters that he asked the trial court to take judicial notice of in his response to Sharpe's motion for summary judgment and that we set out above.

---

[13]Chan asserts several arguments attempting to demonstrate that his claim for breach of fiduciary duty is not legally foreclosed (issues IX-D, IX-E, IX-G, IX-H), but the arguments do not somehow obviate business organizations code section 21.223(b)'s essential requirement of actual fraud for purposes of imposing personal liability. This includes Chan's argument that the Changs are liable as officers or directors of WFFI. *See Sparks v. Booth*, 232 S.W.3d 853, 869 (Tex. App.—Dallas 2007, no pet.) ("[A]n individual's standing as an officer, director, or majority shareholder of an entity alone is insufficient to support a finding of alter ego.").

13

Like we stated, Chan asserts no argument explaining—and we fail to see—how the trial court's failure to take judicial notice of those matters can be reversible error. *See* Tex. R. App. P. 44.1(a).

Chan argues that "[t]he court erred in overruling his objections because the Changs' motion makes or is based on multiple erroneous, false, and/or unsubstantiated assertions, conclusions or implications." Chan supports his argument with no analysis or citation to any authority. Therefore, it is waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284.

Chan also argues that "the court erred by considering evidence that contradicts any admissions favorably supporting appellant's claims or defenses." Chan does not identify any "admissions" or include any analysis explaining why the trial court should have relied on them. Therefore, this argument is inadequately briefed and waived. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank*, 881 S.W.2d at 284. We overrule Chan's issue IX-B.

### D. Propriety of Summary-Judgment Motion

In issue IX-C, Chan argues that the trial court erred by granting summary judgment in favor of the Changs because their motion is "legally insufficient with respect to any claims or defenses where they failed to state the specific challenged element as to which there is 'no evidence'" and "improper with respect to any defensive elements where they have the burden of proof at trial." The Changs' motion for summary judgment complied with rule 166a(i) because it

14

stated that Chan had no evidence of any actual fraud committed by the Changs. *See Sanchez v. Mulvaney*, 274 S.W.3d 708, 711 (Tex. App.—San Antonio 2008, no pet.) (construing motion in which movant argued that there was no evidence of actual fraud for purposes of piercing corporate veil as no-evidence motion for summary judgment).  We overrule Chan's issue IX-C.

## E.    Requested Relief

In issue IX-J, Chan argues that the trial court "erred by granting the Changs more relief than requested in their summary judgment motion."  He contends that the motion did not seek summary judgment on numerous claims, including breach of fiduciary duty, civil conversion, conspiracy, and aiding and abetting.  Each of Chan's claims, however identified, sought to impose personal liability upon the Changs for obligations owed by WFFI; business organizations code section 21.223(b) consequently imposed a burden upon Chan to prove actual fraud.  *See* Tex. Bus. Orgs. Code Ann. § 21.223(b).  The Changs' summary-judgment motion unquestionably put Chan to that burden, *see* Tex. R. Civ. P. 166a(i), and he failed to respond with summary-judgment evidence.  Therefore, the trial court properly granted summary judgment as to each of Chan's claims against the Changs and did not grant the Changs more relief than they requested in their motion.  *See Sanchez*, 274 S.W.3d at 711–12 (holding that trial court properly granted no-evidence summary judgment on claim seeking to impose personal liability for obligation owed by limited liability company

15

because nonmovant produced no evidence of actual fraud). We overrule Chan's issue IX-J.

## V. MOTIONS TO COMPEL AND PROTECTIVE ORDER

In issues III, VI, VII, VIII, XII, and XIII, Chan argues that the trial court erred (1) by denying motions to compel in which he sought discovery related to (i) his claim for breach of fiduciary duty against Sharpe and his law offices, (ii) Sharpe's net worth, (iii) the Changs' net worth, and (iv) Chan's TUFTA claims against both Sharpe and the Changs, and (2) by granting Sharpe and his law offices a protective order involving discovery materials related to the law offices' bank statements. None of the information that Chan sought has any relevance to the grounds upon which the trial court properly granted summary judgment in favor of Appellees. In other words, even if the trial court had abused its discretion by denying the motions and granting the protective order, the errors were harmless. *See* Tex. R. App. P. 44.1(a). We overrule Chan's issues III, VI, VII, VIII, XII, and XIII.

## VI. SEVERANCE AND ABATEMENT ISSUES

In issues IV, V, X, and XI, Chan argues that the trial court erred by severing and abating his TUFTA claims. A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they

16

involve the same facts and issues. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *see* Tex. R. Civ. P. 41.

Chan's TUFTA allegation stated,

> Over three years have transpired since defendants have been sued in this case and/or were threatened with this suit. . . . [T]he defendants have had motive, sufficient means, opportunity and time to engage in fraudulent conduct [] in violation of TUFTA. Such conduct may include, but is not limited to, transfer of their assets to another for receipt of less than reasonably equivalent value during a time of insolvency or resulting in insolvency.

Chan's TUFTA claims are not premised upon any of the same facts underlying his other claims; he merely speculates that Appellees have fraudulently transferred assets on account of the passage of time. All three severance factors are met; therefore, the trial court did not abuse its discretion by severing Chan's TUFTA claims. *See Guaranty Fed. Sav. Bank*, 793 S.W.2d at 658. Further, the trial court could have reasonably concluded that the parties should not have to spend time and incur expenses conducting discovery on claims that, as pleaded, appear to hinge in part on a successful outcome on one or more of the other claims. Thus, the trial court did not abuse its discretion by also abating the TUFTA claims. *See Timon v. Dolan*, 244 S.W.2d 985, 987 (Tex. Civ. App.—San Antonio 1951, no writ) (stating that a court, "in exercise of its sound discretion, may abate an action for reasons of comity, convenience and orderly procedure, and in the exercise of that discretion may look to 'the practical results to be obtained, dictated by a consideration of the inherent interrelation of the subject matter of the two suits.'"). We overrule Chan's issues IV, V, X, and XI.

17

In issue XIV, Chan argues that the trial court erred by severing his claims against WFFI from the remainder of the suit. By severing Chan's claims against WFFI, the trial court's otherwise interlocutory orders granting summary judgment in favor of Appellees became final and, therefore, appealable. This procedure is frequently utilized by trial courts to manage dockets in multi-party litigation. The trial court did not abuse its discretion by severing Chan's claims against WFFI, and we overrule his issue XIV.

## VII. MOTION FOR LEAVE

In issue XV, Chan argues that the trial court erred by denying his motion for leave to supplement his pleadings—which he included in the motion for new trial that he filed after the trial court had granted summary judgment in favor of the Changs—"to include facts about WFFI's closely-held corporation status."[14] The trial court could have reasonably concluded that the facts had no bearing on the requirement that Chan prove actual fraud by the Changs. If there was any error, it was harmless. *See* Tex. R. App. P. 44.1(a). We overrule Chan's issue XV.

---

[14]The facts are that "the Changs were signatories to WFFI's 1/2/90 buy-sell stock agreement and have known since then that WFFI has only had five shareholders and that it has never been listed on any stock exchange."

18

## VIII. MOTION IN LIMINE

On August 4, 2014, Chan "filed a withdrawal to his stipulation to Item #3 in the court's January 22, 2013 limine order." In the motion for new trial that Chan filed on August 22, 2013, he "moved the court to reconsider said [limine] order and to allow him to withdraw his stipulation to Item #3 in the same." In issue XVI, Chan argues that the trial court erred by denying his motion to reconsider Item #3 in the January 22, 2013 limine order.[15] Once again, we fail to see how a stipulation to an item contained in a motion in limine pertaining to a jury trial that never occurred has anything to do with the trial court's grant of summary judgment in favor of the Changs. If there was any error, it was harmless. *See id.* We overrule Chan's issue XVI.

## IX. DISQUALIFICATION

In issue I, Chan argues that the trial court erred by granting Sharpe's and Sharpe's law offices' motion to disqualify Chan's counsel, Mayur Amin. Sharpe moved to disqualify Amin because at a pretrial conference, Amin advised the trial court that he intended to offer into evidence at trial business record affidavits that included letters and documents that he had personally authored. Sharpe argued that by doing so, Amin had injected himself as a material witness in the case. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a), *reprinted in* Tex. Gov't

---

[15]The stipulation involved "the alleged fiduciary duty of any individual shareholder of the corporate defendant to any other shareholder."

Code Ann., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9). However, Sharpe and his law offices expressly predicated the motion to disqualify Amin on the occurrence of a jury trial.[16]   But a jury trial never occurred, and in light of our decision to affirm the trial court's judgment in its entirety, this cause will not be remanded to the trial court for further proceedings.  Therefore, if the trial court erred by granting the motion to disqualify Amin, any error was harmless.  *See* Tex. R. App. P. 44.1(a).  We overrule Chan's issue I.

## X.  CONCLUSION

Having overruled Chan's thirty issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, GARDNER, and GABRIEL, JJ.

DELIVERED:  August 26, 2015

---

[16]The motion stated,

> *If the Court is going to permit the use of the Amin business records affidavit*, correspondence between Plaintiff's counsel and J. Shelby Sharpe, *and/or permit Plaintiff's counsel to testify* on matters other than as to attorney's fees, *then the Court should disqualify Plaintiff's counsel* and this case be continued until such time as Plaintiff has had an opportunity to obtain other counsel. [Emphasis added.]

Indeed, Amin represents Chan in this appeal, and no party has challenged his authority to do so.